IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

v.                                        13-CR-6018DGL

LAMONT BARTON,

          Defendant.

---

## PLEA AGREEMENT

The defendant, **LAMONT BARTON**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a two-count Information which charges:

    a.   In Count 1, a violation of Title 21, United States Code, Section 841(a)(1) (possession of marijuana with intent to distribute), for which the maximum possible sentence is a term of imprisonment of five (5) years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least two (2) years and up to life.



b.   In Count 2, a violation of Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime), for which the mandatory minimum term of imprisonment is five (5) years and the maximum possible sentence is a term of imprisonment of life, *said sentence to be served consecutively to any other sentence imposed in this, or any other matter, whether in this jurisdiction or any other*, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five (5) years.

c.   The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to seven (7) years without credit for time previously served on supervised release.

## II.   ELEMENTS AND FACTUAL BASIS

4.   The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 21 U.S.C. § 841

First, that the defendant possessed a controlled substance;

Second, that the defendant knew that he possessed a controlled substance; and

Third, that the defendant intended to distribute the controlled substance.

"Intent" to distribute is established if a defendant intended to cause or assist the distribution of the controlled substance.

### Count 2 - 18 U.S.C. § 924(c)(1)(A)(i)

First, that the defendant knowingly possessed a firearm; and

Second, that the firearm was possessed in furtherance of a drug trafficking crime for which he could be prosecuted in a court of the United States.

## FACTUAL BASIS

5.    The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

a.    On or about January 5, 2013, in Monroe County, Western District of New York, the defendant, **LAMONT BARTON**, did knowingly, willfully and unlawfully possess with intent to distribute marijuana, a Schedule I controlled substance.

b.    At least 250 grams but less than 1 kilogram of marijuana is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant.  This includes the conversion of $1,174 to approximately 211 grams of marijuana.

c.    On or about January 5, 2013, in Monroe County, Western District of New York, the defendant, **LAMONT BARTON**, did knowingly and unlawfully possess a firearm, to wit: one (1) Taurus Model PT-111, 9 millimeter, semi-automatic handgun, bearing serial number TVK95035.

d.    Said firearm was possessed in furtherance of a drug trafficking crime for which the defendant may have been prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), Possession of Marijuana with Intent to Distribute, as alleged in Paragraph 5(a) of this Plea Agreement.

### III.   SENTENCING GUIDELINES

6.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.   As to Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(16) apply to the offense of conviction and provide for a base offense level of 8.

### ACCEPTANCE OF RESPONSIBILITY

8.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

### CRIMINAL HISTORY CATEGORY

9.   It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or

convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.   As to Count 1, it is the understanding of the government and the defendant that, with a total offense level of 6 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500 to $5,000, and a period of supervised release of 2 to 3 years.

11.   The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 2 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute.   The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

12. Based on the above, it is the understanding of the government and the defendant that the **aggregate sentencing range for defendant is a term of imprisonment of 60 to 66 months (0 to 6 months on Count 1 to run consecutive to 60 months on Count 2), a fine of $500 to $5,000, and a term of supervised release of 2 to 5 years.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

13. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a fine of at least $1174, as part of the appropriate sentence in this case. The defendant agrees that the $1174 recovered by the police on January 5, 2013, will be applied toward the fine. This agreement does not affect the length of imprisonment or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.   **STATUTE OF LIMITATIONS**

15.   In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, and the illegal possession of firearms, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.   **GOVERNMENT RIGHTS AND RESERVATIONS**

16.   The defendant understands that the government has reserved the right to:

   a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement, including the amount of restitution, the amount of a fine, and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 13-MJ-514.

VI.   **APPEAL RIGHTS**

18.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an

appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  COOPERATION

21. The defendant will cooperate with the government by providing   complete   and   truthful   information   regarding   the

defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, and the unlawful possession of firearms, as well as any acts of violence.  The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

22.  The defendant further agrees to provide proactive cooperation to the government regarding individuals involved in criminal activity involving the unlawful possession, manufacture, distribution or importation of controlled substances or firearms, or acts of violence.  The defendant agrees to comply with all reasonable instructions of law enforcement agents in this regard.

23.  The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

24.   In exchange for the defendant's pleas of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances or firearms, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

25.   Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

26.   Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines as provided for in Guidelines § 5K1.1 and/or the imposition of a sentence below a

mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e).  The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

27.  This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

28.  It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

29.   In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right:   (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

30.   In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.   In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

31.   If the "Cooperation" section of this agreement is declared breached by the Court:

a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.   the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.   the defendant has no right to withdraw the pleas of guilty;

d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.  Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances or firearms, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

32.   At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement

known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

33.  The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII.  FORFEITURE PROVISIONS
## FIREARMS AND AMMUNITION FORFEITURE

34.  The defendant acknowledges that the defendant is the owner of the firearms and ammunition described below and agrees that the firearm and ammunition constitute a nuisance as provided for in New York Penal Law § 400.05.  The property is described as follows:

a.  one (1) Taurus model PT-111 9mm semi-automatic handgun, bearing serial number TVK95035, seized during the arrest of Lamont Barton on January 5, 2013.

-16-

b.   eight (8) rounds of 9mm ammunition, seized during the arrest of Lamont Barton on January 5, 2013.


35.   The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.   The defendant further agrees to the destruction of the above referenced property.


## IX.   TOTAL AGREEMENT AND AFFIRMATIONS


36.   This plea agreement represents the total agreement between the defendant, **LAMONT BARTON**, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

```
                              WILLIAM J. HOCHUL, JR.
                              United States Attorney
                              Western District of New York

              BY:   _____
                              JENNIFER M. NOTO
                              Assistant U.S. Attorney


                              Dated: February _10_, 2013
```

I have read this agreement, which consists of 18 pages. I have had a full opportunity to discuss this agreement with my attorney, James Napier, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


LAMONT BARTON
Defendant

JAMES A. NAPIER, ESQ.
Attorney for the Defendant

Dated: February 6, 2013

Dated: February 6, 2013